IN THE UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JOHN DOE, individually
and on behalf of
His minor child, MICHAEL DOE

    Plaintiff,

v.

INSTITUTE FOR DEFENSE
ANALYSES GROUP
BENEFIT PLAN.

    Defendant,

And

AETNA LIFE INSURANCE
COMPANY,

    Defendant.

Civil Action No.: 1:24cv1211

## MOTION TO FILE UNDER A PSEUDONYM

The subject matter of this suit and his father, the actual Plaintiff in this case, move this Honorable Court for permission to file under a Pseudonym. The father requests that he file under John Doe and requests that his son be identified as Michael Doe. The plaintiff has just turned 17 years old, is a minor, and has suffered from serious mental illness issues, including multiple suicide attempts. It would cause him great prejudice to have to identify himself by his proper name because of the ongoing stigma that mental illness carries. It could also cause him financial harm which could be long standing because this may affect his ability to pursue higher education as well as secure employment. The Federal Rules of Civil Procedure 5.2 require that only his

initials may be used because he is a minor. Accordingly this plaintiff requests that he be given permission to file under a pseidonym. He also requests that his father, through which he has Health Insurance also requests to file this anonymously because he is a resident of a small city and his son has attended and will attend the Public School there and only wishes to maintain his son's anonymity.

The Fourth Circuit has identified five non-exhaustive factors for district courts to consider when deciding motions to proceed by pseudonym. *James v Jacobson* 6 F.3d 233, 238 (4th Cir 1993). These five factors are:

1. The requesting party seeking anonymity must show that justification for seeking relief "Is to preserve privacy in a matter of sensitive and highly personal nature" And not" merely to avoid the annoyance and criticism that may attend any litigation." *James v. Jacobson.* 6 F.3d at 238

2. The court should look at the risks of denying anonymity by inquiring" whether identification of the requesting party poses the risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non parties"

3. The court should consider the ages of the persons whose privacy interests are sought to be protected when determining the need for anonymity.

4. The court should inquire whether the request is made against a government or private party," and

5. The Court should consider "the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously."

## ARGUMENT

This matter and request fits within the *Jacobson* test.

The first factor is met because this case really is about "sensitive and personal matters" Plaintiff John Doe has brought a claim against Defendants Institute for Defense Analyses Group Benefit Plan (IDA) and Aetna Life Insurance Company (Aetna) for failing to provide mental health benefits to his child, Michael Doe under ERISA. Michael Doe is a minor. John Doe is the parent and guardian.

The facts of this case involve Michael Doe's multiple suicide attempts, self-destructive behavior, psychiatric diagnoses, psychiatric treatment, and inpatient treatment at facilities in North Carolina and Utah. These facts are outlined in detail in Plaintiff's Complaint for Declaratory Judgment and Related Relief. He is also now identifying as a different sex from his birth. It would cause Michael Doe undue embarrassment and humiliation if such facts were made part of the public record. Further, public disclosure of this information may harm Michael Doe's future financial and employment prospects. As Michael Doe was a minor when facts of this case arose, it would be against his best interests to have a public record of underage transgressions, psychiatric diagnoses, involuntary commitments, and subsequent treatments. Michael Doe's interests can be protected by redacting the pleadings and discovery and allowing him to file under a pseudonym.

The second factor is met because of the facts: "identification of the requesting party risk of retaliatory physical or mental harm to the requesting party or even more importantly to innocent nonparties." Benjamin is a minor with a series of suicidal attempts, involuntary commitments and serious mental illness. Facts regarding mental illness have been deemed sufficient to allow redaction or filing with a pseudonym. *Doe v Megless* 654 F.3d 404, 408 (3d Cir 2011) *cited by Doe v University of Maryland Medical System Corporation,* 1:23-cv-03318

JRR D. Md. April 12, 2024. In addition, cases regarding gender identity or homosexuality have been deemed worthy of filing under a pseudonym. *Doe v. Merten*, 219 F.R.D. 387, 391 (E.D.Va. 2004)

The third Jacobson factor is that the court should look at the age of the requesting party and consider the persons whose privacy interest is sought to be protected. In this case, the requesting party is the father of a minor. He requests anonymity only to protect his son since they live in a small town, and his son hopes to return to public school. It is important to know that the Federal Rules of Civil Procedure strive to protect the identity of minors in litigation under rule 5.2. This factor also weighs heavily in favor of filing under a pseudonym.

The fourth factor is whether the request is made against the government or private party. While this suit is not brought against the government, it is not brought against a private individual but rather two business entities. Aetna Life Insurance is a large insurance company that has lawsuits brought against it every day, and IDA, while a smaller entity, chose to be a self-insured ERISA Plan Administrator, and this is not the type of case that is likely to bring them approbation or embarrassment.

The fifth factor is whether allowing this anonymous filing would prejudice or present any unfairness to either party. This also weighs in favor of filing anonymously because both parties who are defending this matter know all of the facts in this case, and it is alleged that they have withheld information essential to this case, so they actually know more about the case than the plaintiffs do.

## CONCLUSION

WHEREFORE, Plaintiff John Doe requests this Court enter a protective order allowing Matthew Reilly and his son, Plaintiff Michael Doe, to use pseudonyms in all pleadings and discovery in this matter.

Respectfully Submitted,

**John Doe, individually and on behalf of His minor child, Michael Doe**

**Richard D. Carter**
VSB No. 32257
RICHARD D. CARTER LLC
Attorney for John Doe Individually and
On behalf of his minor son Michael Doe
416 Jefferson Street
Annapolis, MD 21403
(410) 268-2317
(703) 542-1273 (facsimile)
rcarter@richcarterlaw.com