UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JOHN DOE, individually and on behalf of his minor child, MICHAEL DOE<br><br>        Plaintiff,<br><br>        v.<br><br>INSTITUTE FOR DEFENSE ANALYSES GROUP BENEFIT PLAN<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 1:24cv1211 (PTG/WEF)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

This matter is before the Court on Plaintiff's Motion to File Under a Pseudonym (Dkt. 3). Plaintiff father requests permission to file under the pseudonym "John Doe" and further requests that his son be identified as "Michael Doe." (Dkt. 3 at PageID# 78). Defendants have not voiced any opposition to the request.

Federal Rule of Civil Procedure 10(a) requires that a complaint name all parties to the action. However, in "certain exceptional circumstances," the Court may allow a party to proceed under a pseudonym. *Strike 3 Holdings, LLC v. Doe*, 2023 WL 3251412, at *3 (D. Md. May 4, 2023) (citing *Doe v. Pub. Citizen*, 749 F. 3d 246, 273-74 (4th Cir. 2014)). "Before granting a request to proceed pseudonymously, the 'district court has an independent obligation to ensure that extraordinary circumstances support such a request by balancing the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party.'" *Id.* (quoting *Doe*, 749 F. 3d at 274). The Fourth Circuit has provided five non-exhaustive factors to consider in granting or denying such a request:

> [1] [W]hether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; [3] the ages of the persons whose privacy interests are sought to be protected; [4] whether the action is against a governmental or private party; and, [5] relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)).

The Court finds that all factors weigh in favor of proceeding under a pseudonym.

As to the first factor, there is a "sensitive and highly personal nature" to the claims here, as the facts of the case involve minor Michael Doe's severe mental health issues, gender identity, and underage transgressions, which are matters that are uniquely personal and ordinarily private. (Dkt. 3 at PageID# 80).

As to the second factor, identification does indeed pose a significant risk of retaliatory physical or mental harm to Michael Doe. Michael Doe is a teenager who attends a public school in a small town who could potentially face significant social stigma, and accordingly, further mental anguish, if he were to be publicly associated with the sensitive facts of this case. (Dkt. 3 at PageID# 78-81); *See Doe v. Megless*, 654 F. 3d 404, 408 (3d Cir. 2011) ("courts have allowed pseudonyms in cases involving . . . mental illness . . . transsexuality . . . and homosexuality").

As to the third factor, the requesting party is John Doe for himself and his son Michael Doe. While John Doe is an adult, he requests anonymity only to protect his son, since they live in a small town and his son hopes to return to public school. (Dkt. 3 at PageID# 81). It is minor Michael Doe's privacy interests that are at issue, and it is noteworthy that Federal Rule of Civil Procedure 5.2 embodies a policy of protecting the privacy interests of minor children. This factor thus favors proceeding under a pseudonym.

As to the fourth factor, this suit is brought against two private parties, albeit large,

organizational ones at that. This factor also favors proceeding under a pseudonym.

As to the fifth factor, allowing this anonymous filing would not risk any unfairness or prejudice to the defendants in this matter. Defendants have not filed any opposition to Plaintiff's Motion. Moreover, Defendants are familiar with the facts of the case, including the identities of John Doe and Michael Doe, and there is no indication that pseudonyms would hinder their ability to defend in this matter.

Weighing all the factors together, the Court finds that Plaintiff has demonstrated exceptional circumstances in this case to permit him and his son to proceed as "John Doe" and "Michael Doe" respectively.

Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion (Dkt. 3) is **GRANTED**. Plaintiff and his child are permitted to proceed under pseudonyms in this matter; it is further

**ORDERED** that Plaintiff's Motion (Dkt. 3) and the Original Complaint (Dkt. 1) will be placed **UNDER SEAL** by the Clerk; it is further

**ORDERED** that within seven (7) days of entry of this Order, Plaintiff will file properly redacted versions of his Motion (Dkt. 3) and the original complaint (Dkt. 1) on the Docket.

**ENTERED** this 20th day of November, 2024.

*William E. Fitzpatrick*
WILLIAM E. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia